356 F.2d 428
 W. Willard WIRTZ, Secretary of Labor, United States
Department of Labor, Appellant,
v.
CHARLESTON COCA COLA BOTTLING COMPANY, Incorporated, Vendors
Unlimited, Incorporated, Fountain Products of
Charleston, Incorporated, and G. Simms
McDowell, Jr., Appellees.
 No. 10107.
 United States Court of Appeals Fourth Circuit.
 Argued Dec. 8, 1965.
Decided Jan. 25, 1966.
 
 William Fauver, Atty., U.S. Dept. of Labor (charles Donahue, Sol. of Labor, Bessie Margolin, Assoc. Sol., Robert E. Nagle, Atty., and Beverley R. Worrell, Regional Atty., U.S. Dept. of Labor, on brief), for appellant.
 R. M. Hollings and T. E. Pedersen, Charleston, S.C., for appellees.
 Before HAYNSWORTH, Chief Judge, and BOREMAN and J. SPENCER BELL, Circuit Judges.
 J. SPENCER BELL, Circuit Judge:
 
 
 1
 This appeal raises the issue of whether the defendant's route helpers who work on the delivery trucks qualify for exemption as 'outside salesmen' under the Fair Labor Standards Act, 29 U.S.C. 213(a)(1). We find no substantial evidence in this record to support the district court's conclusion that they do. The burden of the testimony offered by both sides was to the effect that the job of the route helpers was to load, unload, and carry bottles, that the driver makes out all tickets and that his helper is permitted to collect only rarely. The very few exceptions testified to by the company's witnesses served to confirm the general practice. Their status as manual laborers is emphasized by the fact that the defendant failed to offer any evidence of their training as salesmen. None of them was ever advanced to the position of driver or even considered for such advancement. They did not attend the regular sales meetings with the drivers and their own infrequent mettings were concerned with teaching personal hygiene and good manners, subjects which could hardly be classified as involving sales techniques. No witness who was a helper referred to himself as a salesman or junior salesman and no driver-salesman indicated that he considered his helper as a member of the 'sales-team'. The company's failure to adduced evidence to show the amount of commission it alleges that the helpers received on sales made by the 'team' (in addition to their base pay of $30.00 per week) leads us to the conclusion that the commission was relatively insignificant. The defendant clearly failed to meet its burden to show that these men came within the exemption specified by the Act. Cf. Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960). Since we can find no support in the evidence that the helpers were in fact salesmen at all, we need not reach the question of joint sales.
 
 
 2
 Having reached the conclusion that the record does not support the court's findings with respect to the status of the route helpers, we think the case is clearly within the rationale of the opinion in Wirtz v. Edisto Farms Dairy, 242 F.Supp. 1 (E.D.S.C.1965).
 
 
 3
 The trial court was also in error in concluding that the crown taxes paid by the defendant bottling company were excludable from gross receipts in determining the enterprise's 'gross annual volume of sales.' The excludable taxes specified by the Act are separately stated excise taxes levied at the retail level. The defendant is a manufacturer and wholesaler who is not engaged in retail selling. That these taxes do not qualify for exclusion in determining whether the defendant's gross sales volume places it above the one million dollar minimum is confirmed by the Senate Labor Commit tee's report on the 1961 amendments:
 
 
 4
 'Excise taxes which are levied at the manufacturer's, wholesaler's, or other distributive level will not be excluded in calculating the dollar volume of sales (under Section 3(s)).' Sen. Rep. No. 145, 87 Cong., 1st Sess., pg. 38 U.S.Code Congressional and Administrative News, p. 1658.
 
 
 5
 We reverse the decision of the court and remand in order that the court may consider the Secretary's petition for prospective injunctive relief.
 
 
 6
 Reversed and remanded.